Exhibit A

GALEX WOLF, LLC
Attorneys at Law
1520 U.S. Hwy. 130 – Suite 101
North Brunswick, NJ 08902
(732) 257-0550 – PHONE
(732) 257-5654 – FAX
Attorneys for Plaintiffs

| | |
|---|---|
| MARJORIE CHULSKY, on behalf of herself and those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HUDSON LAW OFFICES, P.C.; Laurie A, Hudson a/k/a Laurie A. Hudson, Esq.; and John Does 1 to 10,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY – LAW DIVISION<br><br>**CIVIL ACTION**<br><br>Docket No.: MON-L-002424-10<br><br>**SUMMONS** |

The State of New Jersey, to the Named Defendant: **HUDSON LAW OFFICES, P.C.**

The Plaintiff(s), named above, have filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney or are

not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: June 4, 2010

/s/ *Jennifer M. Perez*
Jennifer M. Perez
Clerk of the Superior Court of New Jersey

*Name of defendant to be served:*   **HUDSON LAW OFFICES, P.C.**

*Address for service:*   900 Route 168, Suite C-2
Turnersville, NJ 08012
(Via Guaranteed Subpoena)

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center
10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166
BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088
CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010
CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
9 North Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001
CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003
ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office, Attn: Intake
1st Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360
HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363
HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 898-6249
MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600
MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020
MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
116 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171
SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-6928
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840
SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340
WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Andrew R. Wolf, Esq. | (732) 257-0550 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| Galex Wolf, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1520 US Highway 130 Suite 101 North Brunswick, NJ 08902 | Class Action Complaint |
| | JURY DEMAND   ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Marjorie Chulsky, on behalf of herself and those similarly situated, PLAINTIFF | Marjorie Chulsky, on behalf of herself and those similarly situated vs. Hudson Law Offices, P.C.; Lauri A. Hudson a/k/a Lauri A. Hudson, Esq.; and John Does 1 to 10 |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|
| 508 COMPLEX COMMERCIAL | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☒ YES   ☐ NO | MON-SC-989-10 |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☒ YES   ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
|---|---|
| | ☐ NONE   ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ YES   ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☒ YES   ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Plaintiff brings this action on behalf of herself and others similarly situated for damages, and for injunctive, declaratory and other relief arising from the Defendants' violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter, FDCPA), the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-2 et seq.) (hereinafter, CFA) and the New Jersey Truth-in-Consumer Contract Warranty and Notice Act (N.J.S.A. 56:12-14 et seq.) (hereinafter, TCCWNA).

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES   ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

Revised Effective 9/2009, CN 10517

 

**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."
Please check off each applicable category:

☐ Verbal Threshold          ☒ Putative Class Action          ☐ Title 59

Andrew R. Wolf, Esq.
Galex Wolf, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
(732) 257-0550 - tel
(732) 257-5654 - fax

Christopher J. McGinn
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ  08901
(732) 937-9400 - tel
(800) 931-2408 - fax

*Attorneys for Plaintiff on behalf of herself
and those similarly situated*



Marjorie Chulsky, on behalf of herself and
those similarly situated,

     Plaintiffs,

           vs.

Hudson Law Offices, P.C.; Lauri A.
Hudson a/k/a Lauri A. Hudson, Esq.; and
John Does 1 to 10,

     Defendants.

SUPERIOR COURT OF NEW JERSEY
MONMOUTH COUNTY - LAW DIVISION

**Civil Action**

Docket No. L-2424 -10

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

## NATURE OF THE ACTION

1.    Plaintiff was sued in Small Claims Court by Defendant Hudson Law Offices,

P.C., a professional service corporation that was organized to engage in the practice of law.

The law firm had purchased an alleged consumer debt of Plaintiff and has engaged in efforts to

collect the debt which it owns, including the filing of law suits in New Jersey Courts.

2.    New Jersey law (N.J.S.A. 14A:17-1 et. seq.) makes it unlawful for a law firm

organized as a professional service corporation to engage in such ultra vires activities as buying

consumer debt and attempting to collect consumer debt. Plaintiff brings this action on behalf of

herself and others similarly situated for damages, and for injunctive, declaratory and other relief arising from the Defendants' violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter, FDCPA), the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-2 et seq.) (hereinafter, CFA) and the New Jersey Truth-in-Consumer Contract Warranty and Notice Act (N.J.S.A. 56:12-14 et seq.) (hereinafter, TCCWNA).

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq. pursuant to 15 U.S.C. § 1692k(d).

4.     Venue in this action properly lies in Monmouth County as that is the location where Plaintiff resides and where Defendants transact business.

### PARTIES

5.     Plaintiff Marjorie Chulsky (hereinafter, Chulsky or Plaintiff) resides in Long Branch, New Jersey.

6.     Hudson Law Offices, P.C. (hereinafter, HLO) is a law firm, with an office in Turnersville, New Jersey.

7.     Lauri A. Hudson a/k/a Lauri A. Hudson, Esq. (hereinafter, Hudson) is a principal and/or owner of HLO.

8.     Hudson personally authorized and/or engaged in the conduct described herein.

9.     Defendants refers to Hudson and HLO.

10.     Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

Plaintiff Marjorie Chulsky says:

11.   HLO is organized as a professional service corporation with the New Jersey Secretary of State.

12.   In its filing with the Secretary of State, HLO identified its purpose as the practice of law.

13.   The New Jersey statute concerning professional service corporations (at N.J.S.A. 14A:17-9) prohibits a professional service corporation from engaging in any business other than the rendering of the professional services for which it was specifically incorporated.

14.   At all times relevant to this matter, HLO has been engaged in a business which includes the purchasing of consumer debt.

15.   At all times relevant to this matter, HLO has been engaged in the business of purchasing charged-off and/or delinquent credit card accounts and other consumer debts.

16.   Hudson had knowledge of HLO's purchases of consumer debt at the time the debts were purchased.

17.   Hudson authorized and/or approved HLO's purchases of consumer debt at the time the debts were purchased.

18.   Hudson was personally involved in HLO's purchases of consumer debts.

19.   HLO has attempted to collect on these purchased consumer debts in its own name, including filing lawsuits in its name in the Superior Court of New Jersey.

20.   Hudson had knowledge of HLO's efforts to collect on these purchased consumer debts and the filing of lawsuits in the New Jersey Superior Court as part of that process.

21.   Hudson authorized and/or approved of HLO's efforts to collect on these purchased consumer debts and the filing of lawsuits in the New Jersey Superior Court as part of that process.

22.   Hudson was personally involved in HLO's efforts to collect on these purchased consumer debts and the filing of lawsuits in the New Jersey Superior Court as part of that process.

23.   Hudson signed the complaints on behalf of HLO related to the lawsuits that HLO filed in New Jersey Superior Court.

24.   HLO filed a complaint on March 26, 2010 with the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims in Monmouth County, New Jersey against Chulsky, a copy of the Complaint is attached as **Exhibit A.**

25.   Hudson signed the complaint that HLO filed against Chulsky.

26.   In the complaint, HLO claimed it was a successor in interest to First Bank of Delaware – a credit card provider.

27.   The complaint listed HLO as the Plaintiff and alleged that Chulsky was liable to HLO in the amount of $1,194.72.

28.   HLO claims it purchased the alleged debt from Credit Solutions, Corp.

29.   Defendants filed complaints where "Hudson Law Offices, P.C." was identified as the Plaintiff against more than 100 consumers within the State of New Jersey attempting to collect on accounts it purchased within the period beginning on the day one year prior to the date this complaint is filed to the present.

30.   The complaints filed by Hudson on behalf of HLO against Plaintiff and others similarly situated would cause them to be confused, misled or deceived about character or legal status of the alleged debts in violation of FDCPA under the "least sophisticated consumer" standard.

31. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

32. HLO's purchase of consumer debt is an unlawful act.

33. HLO's collection of debt owned by HLO is an unlawful act.

34. Defendants regularly collect or attempt to collect debts due or alleged to be due.

35. Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due.

36. Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due, which debts were incurred primarily for personal, family or household purposes.

37. Defendants use the mail, telephone or other instruments of interstate commerce in their attempts to collect debts due or alleged to be due.

38. Defendants use the mail, telephone or other instruments of interstate commerce in their attempts to collect consumer debts owed or due or asserted to be owed or due.

39. Defendants use the mail, telephone or other instruments of interstate commerce in their attempts to collect debts owed or due or asserted to be owed or due, which debts were incurred primarily for personal, family or household purposes.

40. Hudson is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

41. HLO is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

42.   Chulsky is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

43.   The debt alleged to be owed by Plaintiff and others similarly situated are consumer debts.

44.   Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

## CLASS ACTION ALLEGATIONS

45.   This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of herself and others similarly situated. The Class is initially defined as follows:

> All New Jersey consumers against whom HLO and/or Hudson filed a complaint on behalf of Hudson Law Offices, P.C., or otherwise attempted to collect a debt owned by HLO within the appropriate statutory period.

The class may be subsequently refined. Specifically excluded from this class is any entity in which any Defendant has a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and their assigns of any entity, together with any immediate family member of any officer, director or employee of such entity. Also excluded from the Class is any Judge presiding over this Action and members of their immediate families.

46.   Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the federal Fair Debt Collection Practices Act (FDCPA), The New Jersey Consumer Fraud Act (CFA) and the New Jersey Truth-in-Consumer Contract Warranty and Notice Act (TCCWNA).

47. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include, but are not limited to:

A. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;

B. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

C. Whether Defendants violated the FDCPA by engaging in a business outside of business that it was organized to engage in or allowed by law to engage in;

D. Whether Defendants violated various provisions of the FDCPA, including but not limited to: 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(2)(A); and 15 U.S.C. § 1692e(10);

E. Whether Defendants violated the CFA by engaging in a business outside of the business that it was organized to engage in or allowed by law to engage in;

F. Whether Plaintiff suffered an ascertainable loss entitling her and members of the class to treble damages under the CFA;

G. Whether Plaintiff and the Class are entitled to declaratory relief and/or injunctive relief;

H. Whether the Complaints filed by Defendants against Plaintiff and members of the class are Notices as contemplated by TCCWNA; and

I. Whether Defendants violated the TCCWNA by filing complaints against consumers to collect debts that they could not lawfully collect by engaging in a business outside of business that it was organized to engage in or allowed by law to engage in.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

50. The claims of the Plaintiff are typical of the claims of the members of the Class.

51. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

52. Plaintiff does not have interests antagonistic to those of the Class.

53. The Class, of which Plaintiff is a member, is readily identifiable.

54. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

55. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56. Plaintiff does not anticipate any difficulty in the management of this litigation.

57. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

58.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59.     Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with the complaints filed against Plaintiff and others similarly situated.

60.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation to collect the alleged debts from Plaintiff and others similarly situated.

61.     Defendants violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 169f(1).

62.     Defendants violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1).

63.     Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any alleged debt in to Plaintiff and others similarly situated.

64.     Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

65.     Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

66.     The complaints filed by Defendants would cause the members of the class, who are considered to be the least sophisticated consumers, to be confused, misled or deceived

regarding the character or legal status of the alleged debts in violation of 15 U.S.C. § 1692 et seq.

67.     The violations of the FDCPA described herein constitute *per se* violations.

## SECOND CLASS COUNT
### New Jersey Consumer Fraud Act Violations

68.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

69.     Defendants' practice of purchasing defaulted consumer debts when it could not lawfully engage in that business is an unlawful act in violation of the Consumer Fraud Act (CFA) at N.J.S.A. 56:8-1, *et seq.*

70.     Defendants' practice of filing collection lawsuits against consumers on debts that it purchased when it could not lawfully engage in that business is an unlawful act in violation of the Consumer Fraud Act (CFA) at N.J.S.A. 56:8-1, *et seq.*

71.     Defendants' practice of attempting to collect a debt that it purchased when it could not lawfully engage in that business is an unlawful act in violation of the Consumer Fraud Act (CFA) at N.J.S.A. 56:8-1, *et seq.*

72.     Defendants' practice of violating the FDCPA as set forth in the First Class Action Count is an unlawful act in violation of the Consumer Fraud Act (CFA) at N.J.S.A. 56:8-1, *et seq.*

73.     Defendants' practice of purchasing defaulted consumer debts when it could not lawfully engage in that business is a misrepresentation, a deceptive commercial practice and/or unconscionable commercial practice in violation of the CFA at N.J.S.A. 56:8-2.

74.     Defendants' practice of filing collection lawsuits against consumers on debts that it purchased when it could not lawfully engage in that business is a misrepresentation, a

deceptive commercial practice and/or unconscionable commercial practice in violation of the CFA at N.J.S.A. 56:8-2.

75.   Defendants' practice of violating the FDCPA as set forth in the First Class Action Count is a misrepresentation, a deceptive commercial practice and/or unconscionable commercial practice in violation of the CFA at N.J.S.A. 56:8-2.

76.   Plaintiff and all other persons similarly situated suffered an ascertainable loss including but not limited to the amount of the improper and unlawful debt that Defendants demanded from them in the lawsuits they filed against them.

## THIRD CLASS COUNT
### New Jersey Truth-in-Consumer Contract, Warranty and Notice Act Violations

77.   Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

78.   Plaintiff and those similarly situated are consumers pursuant to the Truth-in-Consumer Contract, Warranty & Notice Act (TCCWNA) N.J.S.A. § 56:12-14 et seq.

79.   The lawsuits that HLO and/or Hudson filed against Plaintiff and those similarly situated are notices subject to TCCWNA N.J.S.A. § 56:12-14 et seq.

80.   HLO and/or Hudson are creditors or assignees of creditors subject to the provisions of TCCWNA.

81.   HLO and/or Hudson have violated TCCWNA at N.J.S.A. § 56:12-15 by filing lawsuits against Plaintiff and those similarly situated for debts that they could not lawfully collect in violation of the FDCPA as set forth in the First Class Action Count.

82.   HLO and/or Hudson have violated TCCWNA at N.J.S.A. § 56:12-15 by filing lawsuits against Plaintiff and those similarly situated for debts that they could not lawfully collect in violation of the CFA as set forth in the Second Class Action Count.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against the Defendants as follows:

A.    For injunctive relief prohibiting Defendants from future violations of the FDCPA (15 U.S.C. § 1692 et seq.), CFA (N.J.S.A. 56:8-2 et seq.), TCCWNA (N.J.S.A. 56:12-14 et seq.) and Rules of Court as set forth herein and requiring Defendants to comply with these statutes and all applicable regulations;

B.    For an injunction prohibiting HLO from buying or selling consumer debt.

C.    For declaratory judgment that Defendants violated the FDCPA (15 U.S.C. § 1692 et seq.), CFA (N.J.S.A. 56:8-2 et seq.) and TCCWNA (N.J.S.A. 56:12-14 et seq.);

D.    For certification of this matter as a class action, appointing the named Plaintiff as representative of the class, and appointing Andrew R. Wolf, Esq. of Galex Wolf, LLC and Christopher J. McGinn, Esq. of the Law Offices of Christopher J. McGinn as class counsel;

E.    For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.), CFA (N.J.S.A. 56:8-2 et seq.), TCCWNA (N.J.S.A. 56:12-14 et seq.)and all other applicable statutes;

F.    For a refund of all money unlawfully collected from Plaintiff and any member of the class pursuant to the CFA at N.J.S.A. 56:8-2.11;

G.    For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3), N.J.S.A. 56:8-19, N.J.S.A. 56:12-17 and all other applicable statutes;

H.    For pre-judgment and post-judgment interest; and

I.    For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. § 56:8-20.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, except that the Defendants herein have filed a small claims collection lawsuit against the Plaintiff in the Monmouth County Law Division, Special Civil Part under Docket No. MON-SC-989-10 and Defendants have filed similar complaints against putative class members. Plaintiff has moved to transfer the small claims matter to the Law Division and consolidate it with this matter I further certify that I know of no party who should be joined in the action at this time.

Dated: May 11, 2010

**ANDREW R. WOLF**
*Attorneys for Plaintiff and those similarly situated*

Page 13 of 13

# EXHIBIT A

Appended to:
CLASS ACTION COMPLAINT AND JURY DEMAND/
Chulsky vs. Hudson Law Offices, P.C., et al./
MON-L-TO BE SUPPLIED-10

## SMALL CLAIMS SUMMONS AND RETURN OF SERVICE

**Plaintiff or Plaintiff's Attorney Information:**
Name: **Lauri A. Hudson, Esquire**
Address: **909 Route 168, Suite C-2**
**Turnersville, NJ 08012**
Phone: **856/228-7600**

**SUPERIOR COURT OF NEW JERSEY**
**SPECIAL CIVIL PART**
**Monmouth COUNTY**

Docket Number: 3C 989-10

(to be provided by the court)

**Civil Action**
**SUMMONS**

**Hudson Law Offices, P.C. successor in interest**
**to First Bank of Delaware    Plaintiff**
versus
**Marjorie Chulski    Defendant**

(Check one): XX Contract __ Tort

**Defendant Information:**
Name: **Marjorie Chulski**
Address: REDACTED
Phone: REDACTED

| | |
|---|---|
| Demand Amount: | $1,194.73 |
| Filing/Service Fee: | $22.00 |
| Attorney's Fees: | $48.15 |
| TOTAL: | $1,264.88 |

**YOU MUST APPEAR IN COURT ON THIS DATE AND TIME:** 4-22-10
at 9;00 ( a.m./p.m., OR THE COURT MAY RULE AGAINST YOU.

**REPORT TO:** 307 W

### RETURN OF SERVICE (For Court Use Only)
**COURT OFFICER'S RETURN OF SERVICE**
**IF SERVED BY COURT OFFICER**
Docket Number:_____ Date:_____ Time:_____
WM___ WF___ BM___ BF___ OTHER___ HT___ WT___ AGE___ MUSTACHE___
BEARD___ GLASSES___
NAME:_____ RELATIONSHIP:_____

Description of Premises:_____
_____
_____

I hereby certify the above to be true and accurate.

_____
**Court Officer**

**IF SERVED BY MAIL (For Court Use Only)**
I,_____, hereby certify that on _____, I
mailed a copy of the within summons and complaint by regular and certified mail, return
receipt requested.

_____
**Employee Signature**

**OUR FILE NO. 8801077**

**SMALL CLAIMS COMPLAINT (Contract, Security Deposit, Rent, or Tort)**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION/SPECIAL CIVIL PART

Lauri A. Hudson, Esquire
Attorney for Plaintiff

| | |
|---|---|
| Address: 200 Route 168, Suite C-2 Turnersville, NJ 08012 | Address: 71 Monument Park Freehold, NJ 07728 |
| Telephone No.: 856/228-7600 | Telephone No.: 732/981-3054 |

Monmouth County

From Plaintiff:
Names
Hudson Law Offices, P.C. successor in interest
to First Bank of Delaware

Address: 200 Route 168, Suite C-2
Turnersville, NJ 08012
Telephone No.: 856/228-7600

To Defendant:
Name:
Marjorie Chalski

Address: REDACTED

Telephone No.: REDACTED

**SMALL CLAIMS SECTION**
CIVIL ACTION
COMPLAINT

MAR 2 6 2010

MONMOUTH VICINAGE
CIVIL DIVISION 046

Check One – See Instruction A for Form
XX Contract
___ Security Deposit
___ Rent
___ Personal Injury or Property Damage
(other than motor vehicle)

**COMPLAINT (See Instruction B for form A)**

Demand: $ 1,194.72 plus costs and statutory attorney fees.

Plaintiff says: *Plaintiff is a successor in interest to this credit card account first issued by First Bank of Delaware for a Continental Finance Mastercard (hereinafter referred to as the Original Creditor). The Original Creditor is in the business of providing credit cards to its customers and has given the Defendant a credit card for his/her use. The Original Creditor has therefore extended financing for the amount of the purchases made by the Defendant. The Defendant has agreed to pay certain fees and charges assessed for opening this credit card account. The Defendant agreed to pay, in the event of default, interest at the rate of 24.75% from the day of default on any outstanding sums due. The Defendant has defaulted by failing to pay the amount due on this credit card account. The amount that is due and outstanding is $731.68, plus interest from the date of default of September 30, 2007 to the date of this complaint in the amount of $463.04 for a total amount due of $1,194.72. This is an outstanding book account that is due and owing.*

(You may attach more sheets if you need to)

IMPORTANT: Plaintiffs and defendants must bring all witnesses, photos, and documents, and other evidence to the hearing. Subpoena forms are available at the Clerk's office to require the attendance of witnesses.

Plaintiff will use an interpreter fluent in the _____ language at the hearing.

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

LAURI A. HUDSONS

Dated: March 18, 2010

Lauri A. Hudson, Esquire
Lauri A. Hudson
Your Name Typed, Stamped or Printed



## EXHIBIT A

### BILL OF SALE

The undersigned, CREDIT SOLUTIONS, CORP. ("Assignor") on and as of the date hereof hereby absolutely sells, transfers, assigns, sets-over, quitclaims and conveys to Hudson Law Offices, P.C., a New Jersey Professional Corporation ("Assignee") without recourse and without representations or warranties of any type, kind, character or nature, express or implied, all of Assignor's right, title and interest in and to each of the accounts identified in the Closing File attached hereto (the "Accounts"), together with the right to all principal, interest or other proceeds of any kind with respect to the Accounts remaining due and owing as of the Cut-Off Date applicable to such Accounts as set forth in the Purchase & Sale Agreement dated May 30, 2008, pursuant to which the Accounts are being sold (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Loans into cash or other liquidated property).

Dated this 30th day of May, 2008.

CREDIT SOLUTIONS CORP.

By:

Name:      Michael A. Joplin
Title:       President/CEO
Address:   9573 Chesapeake Dr., #100
            San Diego, CA 92123

MONMOUTH COUNTY

Form B - Page 1



## THE SUPERIOR COURT OF NEW JERSEY

### Law Division, Special Civil Part

## SMALL CLAIMS SUMMONS

### YOU ARE BEING SUED!

**IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS CASE, YOU MUST APPEAR IN COURT. IF YOU DO NOT, THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.**

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not come to court on the trial date to answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Come to court to answer the complaint.* You do not have to file a written answer, but if you dispute the complaint and want the court to hear your side of the case, you must appear in court on the date and at the time noted on the next page.

**AND/OR**

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. You will have to appear in court on the trial date unless a written agreement is reached and filed with the court.

**AND/OR**

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at 732 - 866 - 0020. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at 732 - 431 - 5544.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

Dawn Mateiis

Clerk of the Special Civil Part

Revised 11/2007, CN 10148 - English (How To Sue For UP To $3,000 In Small Claims - Motor Vehicle)

*MONMOUTH COUNTY*



# EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
## División de Derecho, Parte Civil Especial

## NOTIFICACIÓN DE DEMANDA DE
## RECLAMACIONES MENORES

### ¡LE ESTÁN HACIENDO JUICIO!

SI UD. QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN DE ESTA CAUSA TIENE QUE COMPARECER EN EL TRIBUNAL. SI NO COMPARECE, PUEDE SER QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. Se le advierte que si Ud. no viene al tribunal en la fecha del juicio, es posible que pierda la causa automáticamente y el tribunal puede dar al demandante lo que pide más intereses y costas. Si se registra una decisión en contra de Ud., un Oficial de la Parte Civil (Special Civil Part Officer) puede embargar su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación y la adjudicación tiene 20 años de vigencia.

Usted puede escoger entre las siguientes opciones:

1. *Venir al tribunal para contestar la demanda.* No hace falta que presente una contestación escrita, pero si Ud. disputa la demanda y quiere que el juez vea su versión de la causa, tiene que comparecer en el tribunal en la fecha y a la hora notadas en la página que sigue.

### ADEMÁS, O DE LO CONTRARIO, USTED PUEDE

2. *Resolver la disputa.* Ud. posiblemente quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. No tiene que hacerlo si no quiere. Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Tendrá que comparecer en el tribunal en la fecha del juicio a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

### ADEMÁS, O DE LO CONTRARIO, USTED PUEDE

3. *Conseguir un abogado.* Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos si se comunica con Servicios Legales (Legal Services) al 732-866-0020. Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al 732-431-5544.

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

Andrew R. Wolf, Esq.
Galex Wolf, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
(732) 257-0550 - tel
(732) 257-5654 - fax

Christopher J. McGinn
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ  08901
(732) 937-9400 - tel
(800) 931-2408 - fax

Attorneys for Plaintiff Marjorie Chulsky on
behalf of herself and those similarly situated

---

| | |
|---|---|
| Marjorie Chulsky, on behalf of herself and those similarly situated, | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION |
| Plaintiffs, | |
| vs. | Civil Action |
| Hudson Law Offices, P.C.; Lauri A. Hudson a/k/a Lauri A. Hudson, Esq.; and John Does 1 to 10, | Docket No. MON-L-002424-10 |
| Defendants. | **NOTICE TO PRODUCE DOCUMENTS ON HUDSON LAW OFFICES, P.C.** |

---

To:   Hudson Law Offices, P.C.
      900 Route 168, Suite C-2
      Turnersville, New Jersey 08012

Pursuant to Court Rules, Plaintiff requests that Defendant Hudson Law Offices, P.C. furnish the Documents described below to Plaintiff's attorneys, at the above addresses, on an ongoing basis, within the time period prescribed by the Rules. The obligation to produce is of a continuing nature and applies to Documents acquired later.

DATED: June 4, 2010

Andrew R. Wolf, Esq.
Attorney for Marjorie Chulsky on behalf
of herself and those similarly situated

## GENERAL INSTRUCTIONS

1.    YOU are to furnish all DOCUMENTS or things in YOUR possession, custody or control, regardless of whether such DOCUMENTS or materials are possessed directly by YOU or YOUR directors, offices, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by YOUR attorneys or their agents, employees, representatives or investigators.

2.    In producing DOCUMENTS, YOU are requested to produce the original of each DOCUMENT requested, together with all non-identical copies and drafts of such DOCUMENT. If the original of any DOCUMENT cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

3.    If any requested DOCUMENT or thing cannot be produced in full, YOU are to produce it to the extent possible, indicating which DOCUMENT, or portion of such DOCUMENT, is being withheld, and the reason that DOCUMENT is being withheld.

4.    DOCUMENTS not otherwise responsive to the following Requests for Production shall be produced if such DOCUMENTS mention, discuss, refer to, or explain the DOCUMENTS that are called for by these Requests, or if such DOCUMENTS are attached to DOCUMENTS called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations or similar materials.

5.    All DOCUMENTS shall be produced in the same order as they are kept or maintained by YOU in the ordinary course of business.

6.    All DOCUMENTS shall be produced in the file folder, envelope or other container in which the DOCUMENTS are kept or maintained by YOU. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

7.    DOCUMENTS shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each DOCUMENT'S custodian(s). DOCUMENTS attached to each other should not be separated.

8.    If any form of privilege, whether based on statute or otherwise, is claimed as a ground for not producing any DOCUMENT, or any part thereof, each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid, shall be set forth in complete detail. With respect to a DOCUMENT to which a privilege is being claimed, the following information at the very minimum should be provided:

(a)    date;

(b)    author;

(c)    names and addresses of any persons who receive copies, if any;

    (d)     title;

    (e)     type of tangible thing, letter, memorandum, telegram, report, etc.; and

    (f)     general description of the subject matter (without revealing privileged information).

    9.     If any of the DOCUMENTS referred to in response the following Requests for Production have been lost, destroyed, removed from YOUR files or altered in any manner after the DOCUMENT was initially made, taken or prepared, provide the following information:

    (a)     a description of the DOCUMENT

    (b)     the date of each such occurrence;

    (c)     a description of each such occurrence, including the nature of each alteration and the circumstances of the loss, destruction or removal;

    (d)     the reason for each such occurrence;

    (e)     the name, address and job title of the persons who took such action;

    (f)     the name, address and job title of the persons who authorized, directed or acknowledged the action at the time it was taken; and

    (g)     whether there has been any attempt to produce, duplicate or find a copy of any lost, destroyed, or originally unaltered DOCUMENTS, and, if so, a description of the attempt and its result.

    10.     Except as otherwise provided, these Requests for Production of shall be deemed to be continuing and any information or DOCUMENTS relating in any way to these Requests for Production which YOU acquire, which become known to YOU up to and including the time of trial, shall be furnished by YOU to Plaintiff within a reasonable time after such information is acquired or becomes known. Similarly, any information or DOCUMENTS provided in response to these Requests for Production which is later found to be incomplete or incorrect, or to have become incomplete or incorrect because of changed circumstances should be completed or corrected by means of supplemental responses.

    11.     The past tense of a verb includes the present and the present tense includes the past where the clear meaning is not distorted by the change of tense.

    12.     The plural of any word includes the singular, and the singular includes the plural.

### DEFINITIONS

1. The term "CONCERNING" or "CONCERN" means prepared, made, obtained, received, transmitted in connection with, evidencing, referring to, pertaining to, alluding to, relating to,

connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, explaining, evaluating, summarizing, describing, touching upon, constituting, sent to, served upon, mailed, delivered to, or referencing in any way.

2. "ALL" means all or any, and the term "any" means any or all.

3. The term "YOU" or "YOUR" means Defendant Hudson Law Offices, P.C. and any of its attorneys, partners, members, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, board of directors or committees thereof, present and former officers, directors, representatives, AGENTS and all other PERSONS acting or purporting to act on its behalf.

4. "PERSON" means a natural person, a group of natural persons acting as individuals, a group of natural persons acting in a collegial capacity (e.g., as a committee (board of directors), a corporation, partnership, proprietorship, joint venture, firm, association, government or government agency and/or any other business, government or social entity, and any employee or agent thereof).

5. The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings and recordings of any kind.

6. "DEBT" means any obligation or alleged obligation of a CONSUMER to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. "INITIAL LETTER" means the first written communication sent by YOU or on YOUR behalf.

8. "CONSUMER" means any natural PERSON obligated or allegedly obligated to pay any DEBT. "CONSUMERS" is the plural of "CONSUMER."

9. "MEMBER OF THE CLASS" means all CONSUMERS with a New Jersey address a) against whom YOU filed a complaint against on behalf of Hudson Law Offices, P.C. on or after May 13, 2010 and/or b) from whom YOU attempted to collect a debt owned by Hudson Law Offices, P.C. on or after May 13, 2010.

10. "CLASS PERIOD" means the period from May 13, 2010 through the present.

11. "NET WORTH" means the total of all of your assets (stocks, bonds, bank accounts, real estate, property, business receivables, notes receivable, etc.) minus the total of your liabilities (outstanding loans owed, credit card balances, taxes payable, bills payable, etc.).

12. "ATTEMPTED" or "ATTEMPTING" as used herein means to make an effort to do or accomplish.

## DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS CONCERNING any DEBT allegedly owed by Plaintiff to Hudson Law Offices, P.C. at any time during the Class Period.

2. ALL DOCUMENTS CONCERNING any effort on behalf of Hudson Law Offices, P.C. by YOU to collect a DEBT from Plaintiff at any time during the Class Period.

3. ALL DOCUMENTS CONCERNING any lawsuit filed by YOU on behalf of Hudson Law Offices, P.C. against Plaintiff filed at any time during the Class Period, including but not limited to any complaint, summons, motion, correspondence, or pleading.

4. The complete collection file(s) of Plaintiff, including but limited to any document signed by Plaintiff, computer files, digital files and physical files, maintained by YOU CONCERNING the Plaintiff or any debt allegedly owed by Plaintiff to YOU, including but not limited to ALL DOCUMENTS, including but not limited to notes of contacts or communications, copies of collection letters, copies of checks or other payments, collection logs, accounts, ledgers, applications, any recording of communication between Plaintiff and YOU, and interview forms.

5. ALL DOCUMENTS that YOU sent to or received from Plaintiff or her agents.

6. A complete statement of account that YOU attempted to collect from Plaintiff.

7. ALL e-mail and voicemail messages whether in electronic or paper form CONCERNING Plaintiff, the factual allegations of her Complaint, or the above captioned matter.

8. ALL DOCUMENTS CONCERNING any DEBT allegedly owed by any MEMBER OF THE CLASS to Hudson Law Offices, P.C. at any time during the Class Period.

9. ALL DOCUMENTS CONCERNING any effort on behalf of Hudson Law Offices, P.C. by YOU to collect a DEBT from MEMBER OF THE CLASS at any time during the Class Period.

10. ALL DOCUMENTS CONCERNING any lawsuit filed by YOU on behalf of Hudson Law Offices, P.C. against any MEMBER OF THE CLASS filed at any time during the Class Period, including but not limited to any complaint, summons, motion, correspondence, or pleading.

11. The complete collection file(s) of each MEMBER OF THE CLASS, including but limited to any document signed by the MEMBER OF THE CLASS, computer files, digital files and physical files, maintained by YOU CONCERNING the Plaintiff or any debt allegedly owed by Plaintiff to YOU, including but not limited to ALL DOCUMENTS, including but not limited to notes of contacts or communications, copies of collection letters, copies of checks or other payments, collection logs, accounts, ledgers, applications, any recording of communication between the MEMBER OF THE CLASS and YOU, and interview forms.

12. ALL DOCUMENTS that YOU sent to or received from any MEMBER OF THE CLASS.

13. A complete statement of account that YOU attempted to collect from any MEMBER OF THE CLASS.

14. ALL e-mail and voicemail messages whether in electronic or paper form CONCERNING any MEMBER OF THE CLASS.

15. ALL DOCUMENTS exchanged between any creditor and YOU CONCERNING any account purchased by YOU at any time during the CLASS PERIOD where any Class Member was an obligor on that account.

16. ALL DOCUMENTS CONCERNING ALL payments that YOU received from any CLASS MEMBER at any time during the CLASS PERIOD CONCERNING any debt owned by YOU.

17. ALL executed contracts and/or agreements between YOU and any creditor CONCERNING any debt that YOU attempted to collect on behalf of Hudson Law Offices, P.C. at any time during the CLASS PERIOD.

18. ALL DOCUMENTS that you received from or sent to a creditor related to any DEBT allegedly owed to YOU by any MEMBER OF THE CLASS during the CLASS PERIOD.

19. ALL DOCUMENTS that you received from or sent to any third party CONCERNING the subject matter of Plaintiff's Complaint.

20. ALL periodic statements of account issued by the original creditor and/or subsequent creditor CONCERNING the DEBT allegedly owed by Plaintiff.

21. ALL periodic statements of account issued by the original creditor and/or subsequent creditor CONCERNING the DEBT allegedly owed by any MEMBERS OF THE CLASS during the CLASS PERIOD.

22. ALL DOCUMENTS CONCERNING the allegations of the complaint.

23. ALL DOCUMENTS relied upon or referred to by YOU in preparing YOUR response to Plaintiff's Complaint.

24. ALL DOCUMENTS, charts or physical objects that YOU will and/or intends to introduce into evidence at the time of trial.

25. ALL insurance policies insuring YOU for violations of the Fair Debt Collection Practices Act in effect at any time since January 1, 2009.

26. Copies of ALL policy manuals and instructions provided by YOU to employees or agents regarding collection practices or procedures in effect since January 1, 2009.

27. All DOCUMENTS CONCERNING the formation of Hudson Law Offices, P.C. as a professional cooperation, including but not limited to any document filed with the New Jersey Secretary of State.

28. ALL DOCUMENTS that in any way document, describe, prove, explain or otherwise evidence the NET WORTH of Hudson Law Offices, P.C.

29. ALL federal and state income tax returns filed by Hudson Law Offices, P.C. since January 1, 2009.

30. ALL financial reports and statements provided to the investors of Hudson Law Offices, P.C. since January 1, 2009.

31. The most recent financial statement issued, or given to any third party, by the Defendant since January 1, 2006.

32. ALL expert reports regarding this matter.

33. ALL DOCUMENTS containing the names and addresses of ALL individuals contacted as potential witnesses, expert or otherwise, to testify at trial.

34. ALL curriculum vitae of ALL individuals contacted as potential expert witnesses.

35. ALL DOCUMENTS CONCERNING any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act that were filed against Defendant since January 1, 2008.

JS-44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS - 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings of other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marjorie Chulsky, on behalf of herself and those similarly situated | Hudson Law Offices, P.C.; and Lauri A. Hudson a/k/a Lauri A. Hudson, Esq.; and John Does 1-10 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Resident of Pennsylvania
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Christopher J. McGinn, Esquire
The Law Office of Christopher J. McGinn
79 Paterson Street
New Brunswick, NJ 08901
Phone: 732-937-9400

Andrew R. Wolf, Esq.
Galex, Wolf, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Phone: 732-257-0550

ATTORNEYS (IF KNOWN)
John L. Slimm, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300, Cherry Hill, NJ 08002
Phone: 856-414-6000

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal - | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23   Declaratory Relief

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES   ☐ NO

**VIii. RELATED CASE(S)** (See instructions)

**IF ANY**

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|------|-------------------------------|
| June 16, 2010 | */s/ John L. Slimm* |

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

08002-00224-JLS

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: John L. Slimm, Esquire (JLSlimm@mdwcg.com)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002          856-414-6000
Attorney for Defendants, Hudson Law Offices, P.C.; and Lauri A. Hudson a/k/a Lauri A.
Hudson, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

| | |
|---|---|
| MARJORIE CHULSKY, on behalf of herself and those similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>HUDSON LAW OFFICES, P.C.; LAURI A. HUDSON a/k/a LAURI A. HUDSON, ESQ.; and JOHN DOES 1-10,<br><br>          Defendants. | CIVIL ACTION NO:<br><br>**CERTIFICATE OF FILING/SERVICE** |

The original of the within Notice of Filing and Notice of Removal by defendants, Hudson

Law Offices, P.C.; and Lauri A. Hudson a/k/a Lauri A. Hudson, Esq., have been e-filed with the

Clerk of the Court, United States District Court for the District of New Jersey, Camden Vicinage.

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN
                              Attorneys for Defendants, Hudson Law Offices,
                              P.C.; and Lauri A. Hudson a/k/a Lauri A. Hudson,
                              Esq.


                         BY:   _/s/ John L. Slimm_____
                              JOHN L. SLIMM

DATED:  June 16, 2010


06/1867754.v1

## PROOF OF SERVICE

On ____June 16, 2010_____, I, the undersigned, served via New Jersey Lawyers

Service to:

      Jennifer M. Perez, Clerk
      Superior Court of New Jersey
      Law Division, Hughes Justice Complex
      25 W. Market Street, CN 971
      Trenton, NJ 08625

      Clerk of the Court, Civil Part
      Monmouth County Superior Court
      71 Monument Park
      P.O. Box 1266
      Freehold, NJ 07728-1266

      Christopher J. McGinn, Esquire
      The Law Offices of Christopher J. McGinn
      79 Paterson Street, P.O. Box 365
      New Brunswick, NJ  08901-0365
      Attorney for Plaintiff, Marjorie Chulsky, on behalf of herself and
      those similarly situated

      Andrew R. Wolf, Esq.
      Galex, Wolf, LLC
      1520 U.S. Highway 130, Suite 101
      North Brunswick, NJ  08902
      Attorney for Plaintiff, Marjorie Chulsky, on behalf of herself and
      those similarly situated

the following:      **Notice of Filing and Notice of Removal**

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

                    MARSHALL, DENNEHEY, WARNER,
                    COLEMAN & GOGGIN
                    Attorneys for Defendants, Hudson Law Offices,
                    P.C.; and Lauri A. Hudson a/k/a Lauri A. Hudson,
                    Esq.

DATED:  June 16, 2010          BY:  _/s/ John L. Slimm_____
                          JOHN L. SLIMM

2

08002-00224-JLS

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: John L. Slimm, Esquire  (JLSlimm@mdwcg.com)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002             856-414-6000
Attorney for Defendants, Hudson Law Offices, P.C.; and Lauri A. Hudson a/k/a Lauri A. Hudson, Esq.

| | |
|---|---|
| MARJORIE CHULSKY, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUDSON LAW OFFICES, P.C.; LAURI A. HUDSON a/k/a LAURI A. HUDSON, ESQ.; and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO.:  L-2424-10<br><br>CIVIL ACTION<br><br>**PROOF OF SERVICE/MAILING** |

The original and one (1) copy of the within Notice of Notice of Removal has been filed

with the Clerk of the Monmouth County Superior Court, in Freehold, New Jersey.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
Attorney for Defendants, Hudson Law
Offices, P.C.; and Lauri A. Hudson a/k/a
Lauri A. Hudson, Esq.

Dated: June 16, 2010

By _____
JOHN L. SLIMM

## **PROOF OF MAILING**

On ___June 16, 2010_____, the undersigned, arranged for service via NJ

Lawyers Service to:

> Christopher J. McGinn, Esquire
> The Law Office of Christopher J. McGinn
> 79 Paterson Street, P.O. Box 365
> New Brunswick, NJ  08901-0365
> Attorney for Plaintiff, Marjorie Chulsky, on behalf of herself and
> those similarly situated

> Andrew R. Wolf, Esq.
> Galex, Wolf, LLC
> 1520 U.S. Highway 130, Suite 101
> North Brunswick, NJ  08902
> Attorney for Plaintiff, Marjorie Chulsky, on behalf of herself and
> those similarly situated

> Jennifer M. Perez, Clerk
> Superior Court of New Jersey
> Law Division, Hughes Justice Complex
> 25 W. Market Street, CN 971
> Trenton, NJ 08625

The following:          **Notice of Notice of Removal**

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

                                    Michele Sarlo          (Secretary)

2